993 F.2d 1547
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re Robert B. MUNN, Debtor
Robert B. MUNN, Plaintiff-Appellant,
v.
MICHIGAN NATIONAL BANK, also known as Michigan National
Corporation; Kurt L. Jones, Defendants-Appellees.
 No. 92-2388.
 United States Court of Appeals, Sixth Circuit.
 May 5, 1993.
 
 Before JONES and BATCHELDER, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Plaintiff Robert B. Munn appeals from the order of the district court granting defendants' motion to dismiss. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages, Munn filed a "Civil/Felony Complaint" in which he alleged that the defendant bank and its attorney illegally collected on a fraudulent mortgage. The district court ordered Munn to show cause why the district court had subject matter jurisdiction over the matters in the complaint. The order stated: "[T]he Court believes that it may lack subject matter jurisdiction over this action as the parties are nondiverse and Plaintiff raises no federal question." Munn responded and stated that his complaint was filed pursuant to 28 U.S.C. § 1334(b)(c)(1), and 18 U.S.C. § 152.
 
 
 3
 The district court granted defendants' motion to dismiss filed pursuant to Fed.R.Civ.P. 12(b)(1) and (6), for lack of jurisdiction. On appeal, we find no error. Munn and defendants are all citizens of the State of Michigan. Therefore, no diversity of citizenship exists. Additionally, Munn does not assert a federal question. Furthermore, Munn does not argue in his appellate brief, as he did in the district court, that subject matter jurisdiction exists pursuant to 28 U.S.C. § 1334(b)(c)(1) or 18 U.S.C. § 152. Issues which were raised in the district court, yet not raised on appeal, are considered abandoned on appeal and not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992). Therefore, Munn is procedurally barred from reasserting that jurisdiction is conferred on the district court by virtue of 18 U.S.C. § 152 or by 28 U.S.C. § 1334(b)(c)(1).
 
 
 4
 In his brief to this court, Munn, for the first time, refers to 28 U.S.C. § 1746 for the purpose of establishing subject matter jurisdiction. Unless exceptional circumstances are present, the court normally will not address an issue not raised for the first time in the district court. See Taft Broadcasting Co. v. United States, 929 F.2d 240, 243-45 (6th Cir.1991). No exceptional circumstances are present herein. Accordingly, Munn is procedurally barred from asserting for the first time on appeal that jurisdiction is conferred on the district court by virtue of 28 U.S.C. § 1746, and the court will not address this issue.
 
 
 5
 Notwithstanding the aforementioned procedural bars to Munn's argument on appeal, upon review we conclude that the district court did not err. The court correctly reasoned that nothing contained in Munn's pleading conferred jurisdiction over this case on the district court.
 
 
 6
 Accordingly, the order of dismissal is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.